HERBERT SELIG, PETITIONER, v. CITY OF JERSEY CITY,. RESPONDENT-PROSECUTOR.

Argued May 3, 1939—Decided August 19, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *James A. Hamill (Frank P. McCarthy,* of counsel).

For the petitioner, *Stephen P. Piga.*

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case. The petitioner, Selig, was a member of the Jersey City fire depart—

ment, and was thrown off a truck that was starting for a fire. He sustained rather serious head injuries and claimed permanent disability. The injury, and temporary disability, were conceded, but permanent disability was denied, and that is the factual issue in this court. The injury occurred on November 24th, 1935, and Selig was kept on the payroll at full pay for a year, in view of chapter 165 of *Pamph. L.* 1930, now *R. S.* 40:11-8. At the end of the year, November 24th, 1936, his name was taken from the payroll. The petition was filed December 28th, 1935, about a month after the accident. The award, made on May 18th, 1937, adjudged permanent disability amounting to thirty-five per cent. of total, to run one hundred and seventy-five weeks at $20 per week, and to begin as of November 24th, 1936, the date when petitioner's name was taken off the payroll. There was a reopening of the hearing for further testimony, and a reaffirmance of the original award, October 7th, 1937. This was taken by appeal to the Court of Common Pleas, hearing set for December 17th, 1937, and the award affirmed just a year later, in December, 1938. The writ of *certiorari* in this case was allowed March 4th, 1939.

On October 5th, 1937, two days before the final award, there was argued in this court the *certiorari* case of Selig *v.* Firemen's and Policemen's Pension Fund of Jersey City. The record of that case is not now before us, but from the report in 119 *N. J. L.* 266, it is plain that Selig had applied for a total disability pension based on the same accident of November 24th, 1935, and claiming permanent disability by reason thereof. The Pension Commission determined that Selig "did not suffer permanent disability;" and this court, represented by Mr. Justices Bodine, Heher, and Perskie, said that "by the clear weight of evidence, his injuries appear not to be permanent." This decision was filed on January 8th, 1938; It is alleged in the brief for the city that Selig returned to work on January 29th, 1938, and has received full pay from that date to the present time. Counsel for Selig points out, and correctly, that there is no evidence in the present case to show this, and naturally not, as the award was made over three months earlier; but while asserting that there

are explanatory circumstances, does not deny the fact. We need not consider this phase of the matter. Suffice it to say, that the Pension Commission had adjudged, after due hearing, that there was no permanent disability, and that this court rather emphatically affirmed that decision, after examination of the testimony. Our own examination at this time leads to the same conclusion in the present case. We are not unmindful of the rule laid down in the cases, as, for example, in *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; *affirmed,* 105 *N. J. Law* 636; that an identical finding of fact by the bureau and by the Pleas should not be lightly disturbed; but in our view the evidence shows not only no permanent injury, but an attempt by the petitioner to make capital out of an injury, admittedly severe but quite curable, by deliberate refusal to follow advice of competent medical men who testify that such a course would result in complete recovery.

The award is for permanent injury alone. It will be set aside, with costs to the city.